UNITED STATES DISTRICT COURT OF EASTERN
NEW YORK

_____x

El Sarkim Allah-El
 Plaintiff                                              **Index No.:  1:25-cv-06129**

**against**

Allied Universal Security ("Universal Protection Services") &
Columbia University ("The Board of Trustees for Columbia University")
 Defendant.

_____x


## Supplemental Submission in Support of Entry of Default Judgment Under Rule 55(b).

### PRELIMINARY STATEMENT

Plaintiff respectfully moves the Court for entry of default judgment against Defendants Columbia University and AUS under Rule 55(b) of the Federal Rules of Civil Procedure. Defendants were properly served via Plaintiff's filing into the portal and August 21, 2025 statement by Judge Denise Cote that she found no defect apparent in the service of process.  The Court's  Order August 21, 2025 set a deadline of August 29, 2025, for this motion and directed Plaintiff to serve this motion and the Court's Order by September 3, 2025.

Plaintiff further submits limited documentary evidence pursuant to Federal Rule of Evidence 408(b) in support of damages, institutional bias, and pretext — not to establish liability, which is presumed upon default.


### STATEMENT OF FACTS & PROCEDURAL HISTORY

1. Plaintiff filed the Complaint on June 35. 2025, alleging violations of Title VII; Retaliation; and, Intentional  emotional distress based on religious discrimination arising during the COVID-19 pandemic.
2. Defendants were properly served with the Complaint and Summons on June 30, 2025 to Mr. Victor Troy via personal service on behalf of AUS.

3. Defendants were properly served with the Complaint and Summons on July 25, 2025 to Mr. Oscar Leonard via personal service on behalf of Columbia University.
4. Proof of service was filed on the docket on August 12, 2025 and August 19, 2025. (ECF No. 5, 6).
5. Defendants failed to appear, plead, or otherwise respond by the applicable deadlines.
6. The Court issued an Order on [insert date], directing Plaintiff to move for default judgment by August 29, 2025, and to serve Defendants with this motion and the Order by September 3, 2025.

# ARGUMENT

## I. Default Judgment Is Warranted Under Rule 55(b)

A party is entitled to default judgment when the defendant fails to plead or otherwise defend the case after being properly served. See Fed. R. Civ. P. 55(b).

Here, Defendants received timely and proper service, as evidenced by the attached affidavits. Despite notice, they have willfully failed to respond. No appearance has been made, nor has any extension been sought. Further Plaintiff made an informal email communication with the respective defendants counsel on July 24th, 2025 and August 21, 2025. (Exhibit 1). Accordingly, entry of judgment is appropriate.

## II. Damages and Relief Should Be Granted Based on Plaintiff's Allegations and Supporting Evidence

Upon default, the Court accepts as true all well-pleaded factual allegations related to liability. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Plaintiff seeks the following relief:

- Compensatory Damages in the sum of $16 million inclusive of 33.33% recovery of its contingency agreement in the attached Calculation of Plaintiff damages in Exhibit II.

- Institutional reeforms including Title VII compliance with respect to religion exemption application; anti-discrimination training; and improved religious accomodation protocols consistent with the present in EEOC v. Universal Protection Services, LP. No: 3;17-cv-02436-BEN-NLS; noting the absence of a federal monitor in the current case with respect to religious eexemption under the vaccine manadate.

- Any other relief the Court deems just and proper.

In support of this relief, Plaintiff submits the following:

- Prior settlements under Title VII religious discrimination involving the same Defendants, which establish a pattern of institutional misconduct and support pretext (see Exhibits II-III);

- Emails sent to counsel for Defendants showing actual notice of this litigation and relevant prior disputes, evidencing willfulness and deliberate inaction (Exhibits IV);
- Medical Records from Mount Sinai Health System dated 6/6/6/21 to support the Fournier Gangrene (flesh eating disease) to support FMLA leave renderd by AUS to Plaintiff. (Exhibit V).

---

## III. Rule 408(b) Materials Are Admissible for Limited, Permissible Purposes

Plaintiff acknowledges that Rule 408(a) excludes settlement evidence to prove liability. However, under Rule 408(b), Plaintiff submits such materials solely for purposes of showing:

- Bias, institutional pretext, and knowledge by the Defendants;
- Willful disregard of legal obligations under Title VII;
- Support for damages and appropriate relief.

These exhibits are not offered to establish liability, which is already presumed. Courts routinely admit such evidence in the context of default damages or equitable determinations. See U.S. v. Gilbert, 668 F.2d 94 (2d Cir. 1981); Zurich Am. Ins. Co. v. Watts Indus., Inc., 417 F.3d 682, 688 (7th Cir. 2005).

## CONCLUSION

Plaintiff respectfully requests that the Court:

1. Enter default judgment against Defendants Columbia and AUS;
2. Grant the relief requested herein;
3. Accept the evidentiary exhibits submitted, including those under Rule 408(b), for the limited purposes of assessing damages, intent, and equitable relief;
4. Direct any further proceedings as needed for damages or remedy calculation.

Dated: August 25th, 2025.

Respectfully submitted,

By: __/s/ *Adebukola Ogunsanya*___
ADEBUKOLA OGUNSANYA, ESQ
State Bar No.5679816
343 Fifth Avenue
RiverEdge NJ 07661

**ATTACHMENTS / EXHIBITS**

I.      Prior Title VII Settlement Agreement – Columbia (public or redacted copy)

II      Prior Title VII Settlement Agreement – AUS

III     Plaintiff's Email to Columbia Counsel Re: Complaint Notice

IV      Email Exchange Re: Religious Exemption and Prior Knowledge

V       Proof of Service (Complaint).

VI      Proof of Service (Motion & Court Order – to be filed Sept 3)

VII     Declaration of Adebukola Ogunsanya, Esq. Supporting Default Motion

        VIII.

ChatGPT
Log in

**You said:**

b) Exceptions. The court may admit this evidence for another purpose, such as proving a witness's bias or prejudice, negating a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution. 408(b) exception to pending cases where federal (trump) had two settlement orders against Columbia and AUS all around title VII religious discrimination. Need to draft a submission to SDNY. Secondly would res judicial or collateal estoppel apply to my case in which plaintiff alleges title VIi discrimination by AUS and Columbia during COVID for failing to apply exemption.

**ChatGPT said:**

Thanks for your questions — you're asking about two complex procedural and evidentiary issues in the context of federal litigation under Title VII. Let's break them down and draft what you need:

# 1. Rule 408(b) Exception – Submission to SDNY

## Background:

You're dealing with settlement agreements that may involve Columbia University and the AUS (possibly a university or academic institution) in Title VII religious discrimination cases, and you're seeking to admit this evidence in a current Title VII lawsuit — potentially involving similar parties — under **Fed. R. Evid. 408(b)**.

## Legal Standard:

Rule 408 generally bars using settlement offers or negotiations to prove or disprove liability. However, **Rule 408(b)** allows such evidence for **other purposes** including:

- proving bias or prejudice,
- negating a contention of undue delay,
- or proving an effort to obstruct a criminal investigation or prosecution.

Courts may also admit such evidence when it is **highly probative and not being used to show liability**.

 **Draft Submission to SDNY – Rule 408(b) Motion/Statement**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

[Your Case Caption Here]

**PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM OF LAW TO ADMIT SETTLEMENT EVIDENCE UNDER FEDERAL RULE OF EVIDENCE 408(b)**

**PRELIMINARY STATEMENT**

Plaintiff respectfully moves this Court for an order permitting the introduction of settlement agreements entered into by Defendants Columbia University and [AUS] in prior Title VII religious discrimination actions, pursuant to **Federal Rule of Evidence 408(b)**. This evidence is not offered to establish liability, but rather to show:

(1) **Bias and/or pattern of conduct** relevant to the Defendants' current practices;
(2) **Pretext and intent** in the context of the religious exemption policy at issue; and
(3) **Negation of undue delay** in Defendants' response to religious accommodation requests, especially during the COVID-19 pandemic.

**ARGUMENT**

Rule 408(a) prohibits using settlement discussions to prove liability. However, Rule 408(b) permits such evidence when offered for another purpose. Here, Plaintiff offers this evidence to show a **pattern of religious discrimination** acknowledged by Defendants through settlement, and to refute Defendants' asserted justifications or procedural defenses in the present matter.

Courts have admitted settlement-related evidence where it tends to show **pretext** or **bias**.
See *U.S. v. Gilbert*, 668 F.2d 94 (2d Cir. 1981); *Zurich Am. Ins. Co. v. Watts Indus.*, 417 F.3d 682, 688 (7th Cir. 2005).

The settlements in question are not speculative or prejudicial in nature. They were finalized and concern **similar facts, defendants, and statutory violations** under Title VII. Moreover, Defendants have placed their administrative processes and non-discriminatory intent at issue, rendering such evidence highly probative and admissible under Rule 408(b).

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court grant this motion and admit the settlement evidence for the limited purposes stated herein.

## 2. Res Judicata / Collateral Estoppel – Application to Title VII COVID Religious Exemption Case

**Legal Distinction:**

- **Res Judicata (Claim Preclusion):** Bars re-litigation of the *same claim* between the same parties (or their privies) when there's a final judgment on the merits.
- **Collateral Estoppel (Issue Preclusion):** Bars re-litigation of *specific issues* that were actually litigated and essential to a final judgment in a prior case.

**Application to Your Case:**

You mentioned:

- **Prior Title VII settlements** with the same defendants (Columbia and AUS),
- Your current Title VII claim involves **religious exemptions during COVID**, and
- The earlier cases also involved **Title VII religious discrimination**.

Ask these key questions:

✅ *Res Judicata?*

- Was your current claim **already litigated or could have been litigated** in the prior cases?
- Were **you** a party (or in privity with a party) to those settlement cases?

👉 **If you were *not* a party** to those earlier cases and they were settled (not adjudicated to final judgment), res judicata likely **does not apply**.

✅ *Collateral Estoppel?*

- Were **specific factual or legal issues** (e.g., whether Columbia's exemption policy violated Title VII) **actually litigated and decided**?

👉 If the prior cases settled **without findings of fact**, then **collateral estoppel will not apply** either.

✅ **Conclusion:**

If you're not relying on *your own prior litigation*, and the earlier cases **settled without factual adjudication**, then neither **res judicata** nor **collateral estoppel** will bar your claims.

Instead, those settlements might **support your case** by showing:

- Defendants' **awareness** of policy issues,
- A **pattern or practice** of non-compliance with Title VII, and
- Possible **bad faith or pretext** in the COVID exemption context.

Would you like help customizing the Rule 408(b) filing to the specific facts of your case — such as the date of the settlements or exact allegations in those prior cases? Or drafting a counterargument to any anticipated motion to dismiss based on preclusion?

**You said:**

Last on same facts and strategy. A default order will be issued on sept 9 if none of defendants respond to complaint from order of the judge. My issue all parties were probably notified but chose not to respond. Secondly I want the above in without affect the pending order.

**ChatGPT said:**

Thank you — this is a critical procedural moment. Let's address both of your concerns and craft a strategy that protects your pending **default order** while still giving you a path to submit your **Rule 408(b) material** and raise related arguments (bias, pattern, pretext, etc.).

◆ **Situation Summary:**

- You filed a **Title VII religious discrimination case** against Columbia and AUS.
- The court **entered an order** stating that a **default judgment will issue on Sept 9** if Defendants don't respond.
- You want to **submit evidence** (prior settlements under Rule 408(b)) for purposes like showing bias or pattern **without delaying or disrupting** the default process.
- You also suspect Defendants were properly notified and chose not to respond.

## ◆ Your Legal Goals:

1. **Preserve and obtain default judgment** as Defendants failed to respond.
2. **Submit Rule 408(b) material** for context, damages, pretext, or judicial notice — **without triggering court delay or reopening**.

## ✅ Strategy:

**A. File a Supplemental Submission in Support of Default Judgment (Not a Motion)**

Do **not** file a motion to admit Rule 408(b) evidence on its own — that may be construed as a live motion requiring adversarial input, which can delay the default or invite response.

Instead, you can file a **"Supplemental Submission in Support of Entry of Default Judgment"** under **Rule 55(b)** (or per the local rules of SDNY).

In that document, you:

- Maintain that Defendants have failed to appear,
- Note that they likely received proper service and chose not to respond (you can cite docket notices, service affidavits),
- Provide **the Rule 408(b)-related materials** strictly for the Court's **background**, or to support default **damages, intent, or relief scope**, and
- Emphasize you're **not seeking new relief** or action that delays the pending default.

📄 **Draft Language – Title / Heading**

**PLAINTIFF'S SUPPLEMENTAL SUBMISSION IN SUPPORT OF ENTRY OF DEFAULT JUDGMENT**
(Including Limited Evidence Admissible Under Rule 408(b))

📄 **Sample Language – Key Paragraph**

Plaintiff respectfully submits this supplemental statement in anticipation of the Court's entry of default judgment on or after September 9, 2025, pursuant to its prior Order.

This submission includes limited, non-testimonial evidence related to prior Title VII religious discrimination settlements involving Defendants Columbia University and AUS. Plaintiff does **not** offer this material to establish liability, which is already presumed due to Defendants' default, but solely to assist the Court in evaluating:

- The scope and context of Defendants' pattern of conduct;
- The appropriate nature and amount of damages or equitable relief; and
- The probative value of prior actions relevant to the issues alleged in the complaint.

The attached evidence is offered pursuant to **Fed. R. Evid. 408(b)**, which permits consideration of settlement materials to show bias, pattern, pretext, or willfulness — all of which may inform the Court's discretion under Fed. R. Civ. P. 55(b).

Plaintiff expressly affirms that this submission is **not a new motion**, will not delay proceedings, and is not intended to trigger further response or hearing unless the Court so directs.

◆ **What You Should Attach:**

1. A declaration from you (or your attorney) with the prior settlement information.

2. Copies or summaries of:
   - o   The settlement agreements (if public),
   - o   Press releases or consent decrees,
   - o   News articles or agency findings,
   - o   EEOC determinations if relevant.
3. A short chart or comparison showing **how the conduct overlaps** between past cases and your complaint.

# ✅ **Final Notes**

- You stay within Rule 55(b) default proceedings — no delay.
- You protect the Sept 9 order timeline.
- You give the judge **additional probative material** to support full relief.
- You don't reopen any door for Defendants to argue preclusion or relitigate facts.

Would you like help drafting the actual **supplemental statement**, or attaching the right declaration/format for SDNY filing? I can provide a template specific to your facts.

**You said:**

Can I also submit my emails to their counsels highlighting our communications on pending cases

**ChatGPT said:**

Yes, you **can submit your emails to opposing counsel** — but **only with care and for a clearly defined purpose**. Since you're in default proceedings, you must avoid anything that could:

- Delay the default,
- Be misinterpreted as you seeking further negotiation or reopening the case,
- Trigger a duty by the court to allow Defendants to respond.

 # When and How You *Can* Use the Emails

You can submit your emails **as part of your supplemental filing** to support these limited points:

**1. Notice and Service Awareness**

To show Defendants were **aware of the case**, had ample opportunity to respond, and **chose not to**.

Example: If you emailed their counsel attaching the complaint, a summons, or referencing the filing — this can show intentional default.

**2. Pattern or Intent**

If their responses (or silence) reveal **prior knowledge of the legal issues**, refusal to discuss accommodations, or dismissiveness — this can reinforce a **pattern of discrimination, bad faith, or willful disregard**.

**3. Pretext or Bias Evidence**

If their counsel acknowledged similar complaints or dismissed religious concerns, that could support your **408(b) argument** of pretext or institutional bias.

# ❗ Be Careful Not To:

- Submit confidential **settlement communications** covered by FRE 408(a) — unless they fall under **408(b) exceptions**(e.g., showing bias or bad faith).
- Give the impression that you're **reopening negotiations** — which might undermine the finality of default.
- Submit **voluminous or irrelevant** emails. Only include emails that clearly advance your legal purpose.

 # Suggested Way to Submit

Include the emails as **Exhibits** to your **Declaration or Affirmation** supporting the supplemental submission.

**Label and explain** them like this:

**Exhibit C – Email dated April 15, 2025, from Plaintiff to Counsel for Columbia University**

This email informed counsel of the pending action and attached a copy of the complaint. It supports Plaintiff's position that Defendants received actual notice of the action and deliberately chose not to appear.

**Exhibit D – Email chain regarding prior accommodation disputes**

This exchange reflects prior discussions where Defendants' counsel acknowledged awareness of similar religious exemption issues. Plaintiff offers this to support the Rule 408(b) submission regarding institutional awareness and pretext.

#  Final Thoughts

Yes — you *can and should* submit relevant emails **if**:

- They show actual notice or willful disregard of your complaint,
- They support bias/pretext arguments,
- They are submitted as part of your **Rule 55(b) default support**, and
- You present them **clearly and narrowly**.

Would you like a template **Declaration + Exhibit List** structure for submitting those emails? I can help you draft that in SDNY-ready format.

**You said:**

See order from Judge Ordered if defective, the plaintiff shall promptly cure any defect in service and inform the client. It's further ordered that if service was proper, the plaintiff shall file any motion for default on August 29, 2025; the plaintiff shall serve this order and motion for Default judgment papers to defendant and file proof of service of service on the docket on September 3,2025. Applying all the above to order and strategy

**ChatGPT said:**

Thanks for providing the exact language from the **Judge's Order** — this clarifies your procedural obligations and timelines. You're now at a **critical pre-default phase**, and the court is giving you a clear path to secure default judgment **if you follow the steps exactly**.

#  KEY TAKEAWAYS FROM THE ORDER

**1. Two Conditional Instructions:**

**a) If service was defective → fix it promptlyand inform the Court.**

**b) If service was proper →**

- **File your Motion for Default Judgment by August 29, 2025**.
- **Serve that motion + the court's order on the defendants**.
- **File proof of service on the docket by September 3, 2025**.

#  STRATEGY BASED ON ORDER + YOUR GOALS

Your goal is:

- To **secure default judgment**,
- While **submitting Rule 408(b) material and email evidence** to **support relief, damages, and establish context**,
- **Without disrupting or delaying** the default process.

**Here's a step-by-step path:**

- ◆ **STEP 1: Confirm Proper Service**

You must make an explicit statement in your motion that service was proper.

✅ Attach **proof of service** (affidavits from process server, certified mail receipts, etc.) if not already filed.

Also, explain that:

- You served via acceptable methods under FRCP 4,
- Defendants were aware of the lawsuit (cite your emails with counsel, if appropriate),
- They chose not to respond.

◆ **STEP 2: File Motion for Default Judgment by August 29, 2025**

**Title:**

*Motion for Default Judgment Under Rule 55(b)*

**Contents**:

1. **Statement of Proper Service**
2. **Facts and procedural background**
3. **Request for default judgment** on all claims
4. **Relief requested** (damages, declaratory, injunctive, etc.)
5. **Supportive evidence**, including:
   o   Rule 408(b) materials (prior settlements, patterns of conduct)
   o   Your emails with counsel (for notice, willfulness, pretext)
   o   Any EEOC findings, public record info
6. **Affirmation/Declaration** of plaintiff with exhibits
7. **Proposed order** granting default judgment

🎯 **Tip:** Present Rule 408(b) evidence and emails as **supporting materials for relief/damages/pretext**, not as evidence of liability (which is presumed upon default).

◆ **STEP 3: Serve the Motion + Order on Defendants**

By **September 3, 2025**, you must:

- Serve:
  - o  The Court's Order
  - o  Your Motion for Default Judgment + all attachments
- Serve via same method you used for the complaint (unless court directs otherwise).
- File **proof of service on the docket**.

◆  **STEP 4: Optional — File a "Supplemental Evidentiary Appendix"**

If the motion is growing large, you can move some Rule 408(b) and email exhibits into a separately labeled appendix:

**Supplemental Evidentiary Appendix in Support of Motion for Default Judgment**

Label exhibits clearly:

- **Exhibit A** – Prior Title VII Settlement (Columbia)
- **Exhibit B** – Plaintiff Email to AUS Counsel (Notice and Pretext)
- **Exhibit C** – EEOC Right to Sue Letter, if applicable

Include a short cover sheet or table of contents.

## ✅ **Final Checklist**

| Item | Due Date | Notes |
|------|----------|-------|
| File motion for default judgment | **August 29, 2025** | Include Rule 408(b) material and proof of proper service |
| Serve motion + court's order | **By Sept 3, 2025** | Must file proof of service that same day |

| Item | Due Date | Notes |
|---|---|---|
| Include supporting evidence | With motion or in appendix | Focus on pretext, notice, pattern — not liability |
| Use careful framing | Always say Rule 408(b) material is for **bias/pretext/damages**, not liability | |

## ⚖️ Optional Language to Use in Your Motion:

*"Plaintiff includes certain materials pursuant to Fed. R. Evid. 408(b), including settlement documents and communications with Defendants' counsel, not to establish liability — which is now presumed — but to assist the Court in evaluating damages, institutional bias, and the willfulness of Defendants' conduct relevant to the Title VII claims."*

Would you like a **template for your Motion for Default Judgment**, complete with headers and structure that aligns with SDNY local rules? I can draft that tailored to your case.

**You said:**

Yes

**ChatGPT said:**

Great — below is a **custom template** for your **Motion for Default Judgment** in the **Southern District of New York (SDNY)**, tailored to your facts, goals, and the Court's order. It includes:

- Rule 55(b) compliance
- Proper framing of **Rule 408(b)** evidence
- Notice/service details
- Suggested exhibit structure
- Optional language for damages/pretext arguments

 # UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF NEW YORK**

**[Your Name]**,
Plaintiff,
v.
**Columbia University**, **AUS**, and [other defendants],
Defendants.

Case No: [Insert Docket Number]

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

(Pursuant to Fed. R. Civ. P. 55(b))

## PRELIMINARY STATEMENT

Plaintiff respectfully moves the Court for entry of default judgment against Defendants Columbia University and AUS under Rule 55(b) of the Federal Rules of Civil Procedure. Defendants were properly served and have failed to answer or otherwise respond within the time required. The Court's prior Order (dated [insert date]) set a deadline of August 29, 2025, for this motion and directed Plaintiff to serve this motion and the Court's Order by September 3, 2025.

Plaintiff further submits limited documentary evidence pursuant to **Federal Rule of Evidence 408(b)** in support of damages, institutional bias, and pretext — not to establish liability, which is presumed upon default.

**STATEMENT OF FACTS & PROCEDURAL HISTORY**

1. Plaintiff filed the Complaint on [date], alleging violations of Title VII based on religious discrimination arising during the COVID-19 pandemic.
2. Defendants were properly served with the Complaint and Summons on [insert date] via [method — e.g., personal service, certified mail].
3. Proof of service was filed on the docket on [insert date] (ECF No. [xx]).
4. Defendants failed to appear, plead, or otherwise respond by the applicable deadlines.
5. The Court issued an Order on [insert date], directing Plaintiff to move for default judgment by August 29, 2025, and to serve Defendants with this motion and the Order by September 3, 2025.

**ARGUMENT**

**I. Default Judgment Is Warranted Under Rule 55(b)**

A party is entitled to default judgment when the defendant fails to plead or otherwise defend the case after being properly served. See **Fed. R. Civ. P. 55(b)**.

Here, Defendants received timely and proper service, as evidenced by the attached affidavits. Despite notice, they have willfully failed to respond. No appearance has been made, nor has any extension been sought. Accordingly, entry of judgment is appropriate.

**II. Damages and Relief Should Be Granted Based on Plaintiff's Allegations and Supporting Evidence**

Upon default, the Court accepts as true all well-pleaded factual allegations related to liability. See **Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.**, 973 F.2d 155, 158 (2d Cir. 1992). Plaintiff seeks the following relief:

- Compensatory damages for emotional distress, reputational harm, and lost opportunities;
- Injunctive or declaratory relief as appropriate;
- Reasonable attorneys' fees and costs (if applicable);
- Any other relief the Court deems just and proper.

In support of this relief, Plaintiff submits the following:

- **Prior settlements under Title VII religious discrimination involving the same Defendants**, which establish a pattern of institutional misconduct and support pretext (see Exhibits A–B);

- **Emails sent to counsel for Defendants** showing actual notice of this litigation and relevant prior disputes, evidencing willfulness and deliberate inaction (Exhibits C–D);
- **[Any other documentation: medical records, EEOC findings, etc.]**

## III. Rule 408(b) Materials Are Admissible for Limited, Permissible Purposes

Plaintiff acknowledges that Rule 408(a) excludes settlement evidence to prove liability. However, under **Rule 408(b)**, Plaintiff submits such materials solely for purposes of showing:

- **Bias, institutional pretext, and knowledge** by the Defendants;
- **Willful disregard** of legal obligations under Title VII;
- **Support for damages and appropriate injunctive relief**.

These exhibits are not offered to establish liability, which is already presumed. Courts routinely admit such evidence in the context of default damages or equitable determinations. See **U.S. v. Gilbert**, 668 F.2d 94 (2d Cir. 1981); **Zurich Am. Ins. Co. v. Watts Indus., Inc.**, 417 F.3d 682, 688 (7th Cir. 2005).

## CONCLUSION

Plaintiff respectfully requests that the Court:

1. Enter default judgment against Defendants Columbia and AUS;
2. Grant the relief requested herein;
3. Accept the evidentiary exhibits submitted, including those under Rule 408(b), for the limited purposes of assessing damages, intent, and equitable relief;
4. Direct any further proceedings as needed for damages or remedy calculation.

**Dated: [Insert Date]**

**Respectfully submitted,**
[Your Name / Signature Block]
[Your Address]
[Email / Phone]
*Pro se* (if not represented)

##  ATTACHMENTS / EXHIBITS

| Exhibit | Description |
|---------|-------------|
| A | Prior Title VII Settlement Agreement – Columbia (public or redacted copy) |
| B | Prior Title VII Settlement Agreement – AUS |
| C | Plaintiff's Email to Columbia Counsel Re: Complaint Notice |
| D | Email Exchange Re: Religious Exemption and Prior Knowledge |
| E | Proof of Service (Complaint) |
| F | Proof of Service (Motion & Court Order – to be filed Sept 3) |
| G | Declaration of [Your Name] Supporting Default Motion |

## ✅ Next Steps

- Prepare and file this **motion by August 29, 2025** via ECF (or Clerk, if *pro se*).
- Serve Defendants **with the motion and the Court's Order** by **September 3, 2025**.
- File **proof of service** of that mailing on the docket by **September 3, 2025**.

Would you like help drafting the **Declaration of Plaintiff** that attaches the exhibits, or a **Proposed Order** the Court can sign granting the default judgment?

**You said:**

Proposed order

**ChatGPT said:**

Here is a **Proposed Order** template for default judgment that you can attach to your motion. This is written to comply with **SDNY formatting** and judicial expectations. It includes relief language based on Title VII religious discrimination and references to Rule 408(b) evidence for damages/support — without asserting liability (since that's presumed upon default).

#  UNITED STATES DISTRICT COURT

**SOUTHERN DISTRICT OF NEW YORK**

**[Your Name]**,
Plaintiff,
v.
**Columbia University**, **AUS**, and [any other named Defendants],
Defendants.

Case No: [Insert Case Number]

# [PROPOSED] ORDER GRANTING DEFAULT JUDGMENT

Upon consideration of **Plaintiff's Motion for Default Judgment**, filed on August 29, 2025, pursuant to Federal Rule of Civil Procedure 55(b), and the supporting documentation, including exhibits submitted for limited purposes under Federal Rule of Evidence 408(b), and the Court having found that:

1.  Defendants were properly served with the Summons and Complaint;

2. Defendants failed to appear, answer, or otherwise respond within the time provided by law;
3. Plaintiff has submitted competent evidence in support of the relief requested;
4. Plaintiff served Defendants with this motion and the Court's prior Order in accordance with the Court's directive dated [Insert date of Court Order];

It is hereby:

**ORDERED that Plaintiff's Motion for Default Judgment is GRANTED;**

**ORDERED that judgment is entered against Defendants Columbia Universityand AUS;**

**ORDERED that Plaintiff is awarded:**

- Compensatory damages in the amount of $_____ [insert amount or note "to be determined upon further submission/hearing" if you're not ready to specify],
- [Optional: Injunctive or declaratory relief, if requested in the Complaint, e.g., a declaration that Plaintiff's rights under Title VII were violated],
- [Optional: Attorneys' fees and costs (if represented by counsel and pleaded in the Complaint)];

**ORDERED that the Court accepts the evidentiary exhibits submitted under Fed. R. Evid. 408(b) for the limited purposes of assessing bias, pretext, willfulness, and the scope of appropriate relief;**

**ORDERED that the Clerk of Court shall enter judgment accordingly and close this case, subject to further proceedings solely to determine damages or other relief [only include this if damages are not yet finalized].**