```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
EL DIVINE STARKIM ALLAH-EL,               :     25cv6129 (DLC)
                                          :
                          Plaintiff,      :     ORDER
                                          :
              -v-                         :
                                          :
ALLIED UNIVERSAL SERVICES and COLUMBIA    :
UNIVERSITY,                               :
                                          :
                          Defendants.     :
                                          :
----------------------------------------- X
```

DENISE COTE, District Judge:

    This action was filed in the Eastern District of New York on June 25, 2025. It was transferred to this District on July 25. The defendants have not appeared.

    On August 12, plaintiff's counsel, Adebukola Ogunsanya, submitted a filing titled "Motion to Cure Defect in Service of Process Nunc Pro Tunc." This filing contains many deficiencies and appears to have been drafted by artificial intelligence software. This filing asked the Court "out of an abundance of caution to cure any potential defect" in service, without any further explanation.

    Attached to that filing and the plaintiff's filing of August 19 are affidavits that appear to reflect completion of service, including service of the summons. Accordingly, an Order of August 21 instructed the plaintiff to either promptly

cure any defect in service or to move for default judgment by August 29.

The plaintiff submitted four filings on August 26 that request entry of default judgment against the defendants. These filings are incomprehensible and contain numerous errors. To begin with, they do not comply with the instructions in this Court's Individual Practices in Civil Cases regarding default judgment submissions. They include an entire conversation between plaintiff's counsel and ChatGPT about how to respond to the Order of August 21. It is clear from these filings that the plaintiff's defective request for entry of a default judgment was drafted by ChatGPT, and plaintiff's counsel applied only minimal edits to that draft.

These filings also contain what appear to be emails between plaintiff's counsel and defendants' counsel. In those emails, defendants' counsel indicate their willingness to accept service, but also indicate that the plaintiff has not obtained a summons that is compliant with the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 4(a)(1).

Furthermore, plaintiff's counsel is not authorized to appear in this action. She has not been admitted to practice in this Court, nor has she filed a motion to appear pro hac vice in this action.

Rule 11(b) provides that by presenting a pleading, written motion, or other paper to the Court, an attorney certifies that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, it is not being presented for any improper purpose, such as to harass; that the claims and other legal contentions are warranted by existing law; and that the factual contentions have evidentiary support. Fed. R. Civ. P. 11(b). "Rule 11 operates to deter the filing of complaints, papers, or other motions without taking the necessary care in their preparation, which constitutes a separate abuse of the judicial system." U.S. D.I.D. Corp. v. Windstream Commc'ns, Inc., 775 F.3d 128, 135 (2d Cir. 2014) (quoting Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 398 (1990)).

In light of the deficiencies in the filings by plaintiff's counsel, counsel is hereby notified that the Court may impose sanctions for violations of Rule 11(b), including but not limited to nonmonetary directives and an order to pay a penalty into court. Fed. R. Civ. P. 11(c)(4). Possible sanctions include dismissal of the action and a directive that plaintiff's counsel attach any Order imposing sanctions when appearing in future litigation in any federal court. A court "may enforce Rule 11 even after the plaintiff has filed a notice of dismissal under Rule 41(a)(1)." Cooter & Gell, 496 U.S. at 395.

Plaintiff's counsel is also notified that the Court may deny any motion to appear pro hac vice. It is hereby

ORDERED that plaintiff's counsel shall appear to explain why she should not be sanctioned on **September 10, 2025** at **2:00 p.m.** in Courtroom 18B, 500 Pearl Street, New York, New York 10007.

Dated:   New York, New York
         August 28, 2025

                                          _____
                                                  DENISE COTE
                                          United States District Judge